JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

SHAWNA YEN (CABN 224447)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Tel: (408) 535-5054
   Fax: (408) 535-5066
   E-Mail: **Shawna.Yen2@usdoj.gov**

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER FRANCIS LAZZARO,<br><br>    Defendant. | No. 08-00017 JF<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S *EX PARTE* APPLICATION FOR TRAVEL AUTHORIZATION AND TEMPORARY RETURN OF PASSPORT |

    The United States hereby submits its response to the defendant's *ex parte* application for permission to travel for vacation purposes to Cleveland, Ohio and to Cancun, Mexico, and for the temporary return of his passport, pending sentencing.

    The defendant Christopher Lazzaro pled guilty to aggravated identity theft on May 21, 2008. He faces a mandatory sentence of two years of imprisonment for this conviction. 18 U.S.C. § 1028A(a)(1), as well as restitution in the stipulated amount of $59,869.28. The sentencing hearing is scheduled for September 10, 2008 at 9:00 a.m. before Judge Fogel.

    The defense seeks authorization to have Lazzaro (1) travel to Cleveland, Ohio with his father Frank Lazzaro to visit family members and (2) travel to Cancun, Mexico with his

domestic partner for vacation prior to sentencing. The vacation to Mexico will require that the Clerk's Office return Lazzaro's U.S. passport. Currently, Lazzaro is on pretrial release on a $50,000 PR bond signed by himself only, with standard conditions of pretrial release, including a travel restriction to the Northern District of California. Lazzaro has also surrendered his U.S. passport, as required by the Court.

We do not oppose Lazzaro's travel to Cleveland to visit family members, but we do oppose the defendant's request to travel to Mexico entirely to take a vacation (paid for by his father), which will require that the Clerk's Office return Lazzaro's passport to him.

Section 3143(a) of the Title 18 of the United States Code makes clear that once a person has been convicted of a federal criminal offense, as Lazzaro has been, the presumption is for detention. That statute provides as follows:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). "Section 3143(a)(1) creates a presumption in favor of detention, it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance," which are "high procedural hurdles." United States v. Abuhamra, 389 F.3d 309, 320 (2d Cir. 2004). See United States v. Bland, 2007 WL 563322, *1 (W.D. Wash. Feb. 20, 2007) (in arguing for release pending appeal under 18 U.S.C. § 3143(b), the defendant bears the burden of proving by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community, and that the appeal is not for the purpose of delay and raises a substantial question of law); United States v. Freitas, 602 F. Supp. 1283, 1289 (N.D.Ca. 1985) ("the provisions

regarding the release of persons pending sentencing or appeal clearly require the defendant to bear the burden of proving that he will not flee or pose a danger to the community" under 18 U.S.C. § 3143).  In shifting the burden to the defendant to argue for release post-conviction, Congress explained: "[o]nce guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of a sentence or appeal." S. Rep. No. 225 at 26, U.S. Code Cong. & Admin. News 1984, p. 29.

In the present case, given Lazzaro's prior compliance with the conditions of his pretrial release, we are not seeking detention pending sentencing, and we are even willing to make reasonable accommodations for his desire to travel prior to sentencing.  It is for that reason that we agree with Pretrial Services that Lazzaro should be allowed to travel to Cleveland, Ohio to visit family members.  However, the request to travel to Mexico purely for vacation purposes goes beyond these reasonable limits.  It is undisputed that there is no reason for the trip to Mexico other than to take a vacation financed by the defendant's father.  It is unclear why, of all vacation destinations, the defendant has chosen to go to Mexico rather than one of the many domestic alternatives that would not require the return of his United States passport.

For these reasons, we respectfully oppose the defense's request for authorization to travel to Mexico and for the return of the defendant's U.S. passport for that purpose.


JOSEPH P. RUSSONIELLO

United States Attorney

Dated:    05/05/08                                    /S/
                                         SHAWNA YEN
                                         Assistant United States Attorney